UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

MICHAEL AGOSTINO, CECILE
AGOSTINO,

        Case No. 2:24-cv-957-KCD-DNF

        Plaintiffs,

    v.

MONARCH NATIONAL
INSURANCE COMPANY,

        Defendant,

_____/

## **ORDER**

This is an insurance dispute stemming from Hurricane Ian. Plaintiffs Michael and Cecile Agostino submitted a flood claim that Defendant Monarch National Insurance Company will not pay. To recover the funds allegedly owed, Plaintiffs sue for breach of contract. (Doc. 11.)[1]

Now before the Court is Monarch's Motion for Summary Judgment under Fed. R. Civ. P. 56. (Doc. 46.) Plaintiffs have not responded, and the time to do so passed. So the Court considers the matter unopposed. *See* Local Rule 3.01(c). Considering the undisputed facts, Monarch's motion is **GRANTED**.

---

[1] Unless otherwise indicated, all internal quotation marks, citations, case history, and alterations have been omitted in this and later citations.

## I. Background

In September 2022, Hurricane Ian damaged Plaintiffs' home in Fort Myers, Florida. (Doc. 1 at 2.) At the time, Plaintiffs held a Standard Flood Insurance Policy (SFIP) issued by Monarch. (*Id.*) Monarch operates as a Write-Your-Own program carrier under the federal government's National Flood Insurance Program.

After the storm, Plaintiffs submitted a claim for flood damage. Monarch investigated and paid out $12,721.36 for building damages and $35,616.21 for contents. (Doc. 46 at 9.) But Monarch did not agree to pay everything Plaintiffs wanted. On April 13, 2023, Monarch mailed them a letter denying coverage for several specific items—including wind damage to windows, a spare AC condenser left outside, and a guitar. (Doc. 46-9.)

Months later, in August 2023, counsel submitted a demand to Monarch for an additional $72,055.88. (Doc. 46-10.) Crucially, however, Plaintiffs never submitted a signed and sworn proof of loss to support this demand for additional federal funds. (Doc. 46 at 12.)

Well over a year after the initial denial letter was sent, on October 15, 2024, Plaintiffs filed this lawsuit. (Doc. 11.)

## II. Standard of Review

Summary judgment is not a substitute for trial. It is appropriate only "when a movant shows that there is no genuine dispute as to any material

2

fact and [he] is entitled to judgment as a matter of law." *Gonzalez v. Indep. Ord. of Foresters*, No. 24-10758, 2025 WL 337898, at \*2 (11th Cir. Jan. 30, 2025). "When deciding a motion for summary judgment, a judge is not himself to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." *Las Brisas Condo. Homes Condo. Ass'n, Inc. v. Empire Indem. Ins. Co.*, No. 2:21-CV-41-KCD, 2023 WL 8978168, at \*1 (M.D. Fla. Dec. 28, 2023). "An issue is genuine if a reasonable jury could return a verdict for the nonmoving party." *Do v. Geico Gen. Ins. Co.*, No. 1:17-CV-23041-JLK, 2019 WL 331295, at \*2 (S.D. Fla. Jan. 25, 2019).

"The party seeking summary judgment bears the initial burden of demonstrating to the court, by reference to the record, that there are no genuine issues of material fact to be determined at trial." *Andrews v. Ciccone*, No. 3:23-CV-88-MMH-SJH, 2025 WL 2508878, at \*2 (M.D. Fla. Sept. 2, 2025). "[A] fact is material if it may affect the outcome of the case under the applicable substantive law." *Toca v. Debonair Props. LLC*, No. 2:23-CV-303-KCD, 2025 WL 2106674 (M.D. Fla. July 28, 2025).

"When a moving party has discharged its burden, the non-moving party must then go beyond the pleadings," and by its own evidence, "designate specific facts showing that there is a genuine issue for trial." *Jeffery v. Sarasota White Sox, Inc.*, 64 F.3d 590, 593-94 (11th Cir. 1995). This requires

3

the nonmovant to "identify specific evidence in the record" and "articulate the precise manner in which that evidence supports [its] claim." *Alexander as trustee of Franklin Pharmacy, LLC v. Aaron*, No. 3:15-CV-1314-AKK, 2017 WL 11437294, at *1 (N.D. Ala. June 1, 2017); *see also Diaz v. Kaplan Higher Educ., L.L.C.*, 820 F.3d 172, 177 (5th Cir. 2016).

### III. Discussion

A flood policy issued under the National Flood Insurance Program is not your standard, run-of-the-mill insurance contract. It is a creature of federal law, codified in the Code of Federal Regulations. All claims paid come directly from the United States Treasury. For that reason, an insured must comply with all terms and conditions of a federal insurance policy. *See Fed. Crop Ins. Corp. v. Merrill*, 332 U.S. 380, 385 (1947) ("Men must turn square corners when they deal with the Government."). The Eleventh Circuit takes this mandate seriously, requiring strict—not just substantial—compliance with all conditions precedent before a policyholder can recover. *Sanz v. U.S. Sec. Ins. Co.*, 328 F.3d 1314, 1318 (11th Cir. 2003).

Plaintiffs' lawsuit falls short of this strict standard in two ways. First, they waited too long to sue. Congress has established a clear deadline for these disputes. Under 42 U.S.C. § 4072, a claimant must institute an action "within one year after the date of mailing of notice of disallowance or partial disallowance." *Id.* The standard flood policy mirrors the statute, stating: "If

4

you do sue, you must start the suit within one year after the date of the written denial of all or part of the claim." 44 C.F.R. pt. 61, app. A(1), art. VII(O). This one-year period is strictly construed. *See Raulerson v. Am. Strategic Ins. Corp.*, No. 8:25-CV-00407-WFJ-AAS, 2025 WL 1133767, at *3 (M.D. Fla. Apr. 17, 2025).

Here, the math is simple and unforgiving. Monarch issued a written partial denial of Plaintiffs' claim on April 13, 2023. That letter explicitly warned Plaintiffs that if they wished to file a lawsuit, they had to do so within one year. Plaintiffs did not file their complaint until October 15, 2024. That is roughly eighteen months after the denial—well past the one-year jurisdictional deadline. Consequently, their breach of contract claim is time-barred. *See, e.g., Mercer v. Am. Bankers Ins. Co. of Fla.*, No. 2:24-CV-882-JES-NPM, 2025 WL 1018390, at *5 (M.D. Fla. Apr. 4, 2025).

Second, Plaintiffs failed to submit a sworn proof of loss. So even if they had beaten the clock, their lawsuit would still fall short because they skipped a mandatory step. The standard flood policy, like at issue here, requires a policyholder to submit a signed and sworn proof of loss before they can recover. While FEMA extended the standard 60-day deadline for Hurricane Ian victims, giving them a full year to submit their paperwork, that deadline came and went on September 28, 2023. According to the current record, Plaintiffs never submitted a signed, sworn proof of loss for the additional

$72,055.88 they seek. The Eleventh Circuit has repeatedly held that this failure is an absolute bar to recovery. *Shuford v. Fid. Nat'l Prop. & Cas. Ins. Co.*, 508 F.3d 1337, 1342-43 (11th Cir. 2007).

## IV. Conclusion

The rules governing the National Flood Insurance Program are exacting, but they are known. A claimant must submit a sworn proof of loss and sue within one year of a denial. Plaintiffs did not, and so their claims are **DISMISSED WITH PREJUDICE**. *See, e.g.*, *D'Ambrosio v. Am. Bankers Ins. Co. of Fla.*, No. 2:25-CV-155-KCD-NPM, 2025 WL 2841172, at *2 (M.D. Fla. Oct. 7, 2025). The Clerk is **DIRECTED** to enter judgment for Monarch, deny all pending motions as moot, terminate any deadlines, and close the case.

**ORDERED** in Fort Myers, Florida on March 10, 2026.

Kyle C. Dudek
United States District Judge

6